**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2092-18T2

THE BANK OF NEW YORK
MELLON TRUST COMPANY,
NATIONAL ASSOCIATION,
f/k/a THE BANK OF NEW YORK
TRUST COMPANY, N.A., as
successor to JPMORGAN CHASE
BANK, N.A., as TRUSTEE for
RESIDENTIAL ASSET MORTGAGE
PRODUCTS, INC., MORTGAGE
ASSET-BACKED PASS-THROUGH
CERTIFICATES SERIES 2006-RZI,

 Plaintiff-Respondent,

v.

TEKERAH ELLINGTON,

 Defendant-Appellant,

and

STATE OF NEW JERSEY,

 Defendant.

_____

Submitted March 10, 2020 – Decided April 17, 2020

Before Judges Yannotti and Hoffman.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-023881-15.

Tekerah Ellington, appellant pro se.

Duane Morris LLP, attorneys for respondent (Brett L. Messinger and Stuart I. Seiden, of counsel and on the brief).

PER CURIAM

Defendant Tekerah Ellington appeals from an order entered on December 21, 2018, which denied defendant's motion to dismiss this action, and the final judgment of foreclosure entered by the court on December 24, 2018. We affirm.

On September 6, 2005, defendant executed and delivered a note, in the amount of $270,000 to Decision One Mortgage Company, LLC (Decision One). On that same day, defendant executed a mortgage securing the note in favor of Mortgage Electronic Mortgage Company, Inc. (MERS), as nominee for Decision One. The mortgage granted a security interest in certain property on Norwood Street in East Orange. On September 13, 2005, the mortgage was recorded in the Essex County Clerk's Office (ECCO). On August 6, 2007, defendant defaulted on his mortgage payment.

2

A-2092-18T2

On April 13, 2009, MERS assigned the mortgage to plaintiff The Bank of New York Mellon Trust Company. The assignment was recorded in the ECCO on May 28, 2009. On July 7, 2015, plaintiff filed its complaint in foreclosure. On December 16, 2016, after the court vacated a previously-entered default and final judgment, defendant filed an answer.

On March 31, 2017, plaintiff filed a motion to strike the answer. Defendant opposed the motion. Defendant argued that plaintiff failed to establish it had standing to foreclose. The court entered an order dated May 12, 2017, granting the motion. Defendant filed a motion for reconsideration of the May 12, 2017 order. On April 3, 2018, the court denied the motion.

On April 6, 2018, defendant filed a motion to dismiss the complaint, again arguing that plaintiff did not establish it had standing to foreclose. On December 21, 2018, the court denied the motion. On the order, the judge wrote that defendant was essentially seeking reconsideration of the decision to grant plaintiff's motion to strike defendant's answer. On December 24, 2018, the court entered the final judgment of foreclosure. This appeal followed.

On appeal, defendant argues the final judgment should be reversed. Defendant contends plaintiff failed to present competent, relevant and credible

A-2092-18T2

evidence establishing that it was a "holder" of the original note endorsed in blank at the time the foreclosure action was commenced.

It is well established that a plaintiff in a foreclosure action must establish standing to foreclose. Deutsche Bank Trust Co. America v. Angeles, 428 N.J. Super. 315, 318 (App. Div. 2012). To show that it has standing, "a party seeking to foreclose a mortgage must own or control the underlying debt." Wells Fargo Bank, N.A. v. Ford, 418 N.J. Super. 592, 597 (App. Div. 2011) (citation omitted). The party may show ownership or control of the debt with evidence of "either possession of the note or an assignment of the mortgage that predated the original complaint[.]" Angeles, 428 N.J. Super. at 318; Deutsche Bank Nat'l Trust Co. v. Mitchell, 422 N.J. Super. 214, 225 (App. Div. 2011).

In support of its motion to strike defendant's answer, plaintiff filed a certification by Sean Bishop, an employee of Ocwen Loan Servicing, LLC (Ocwen), plaintiff's servicing agent. In his certification, Bishop stated that plaintiff is the holder of the note, dated September 6, 2005, in the amount of $270,000, which defendant executed in favor of Decision One.

Bishop stated that on June 2, 2014, plaintiff purchased the note for valuable consideration, and Ocwen is acting as holder of the note for plaintiff. Bishop asserted that plaintiff possessed the note before the foreclosure action

A-2092-18T2

was commenced. He attached to his certification a copy of the note, as well as copies of the documents showing the endorsement of the note to plaintiff.

In addition, Bishop asserted that the note was secured by a mortgage, which was recorded in the ECCO on September 13, 2005. The mortgage was assigned to plaintiff on April 13, 2009. The assignment was filed with the ECCO on May 28, 2009. Bishop attached copies of the original mortgage and assignment.

Bishop noted that on August 6, 2007, defendant defaulted in payment of the note and a notice of intent to foreclose was mailed to defendant by regular and certified mail more than thirty days before the complaint was filed. Bishop attached a copy of the payment history for the note and a copy of the notice of intent to foreclose.

In addition, Bishop stated that the exhibits to his certification are true and correct copies of documents and printouts that are part of the business records Ocwen maintained in connection with the servicing of the loan. He asserted that the records were "made in the regular course of business" and it is Ocwen's standard business practice "to prepare these records within a reasonable amount of time of the act, condition or event being recorded in the records."

A-2092-18T2

Thus, there is sufficient credible, competent evidence in the record to support the trial court's determination that plaintiff had standing to foreclose in this matter. The record shows plaintiff had possession of the note and a valid assignment of the mortgage before it filed the foreclosure complaint on July 7, 2015.

Defendant argues, however, that plaintiff failed to establish that it had ownership of the subject note and mortgage. Defendant contends plaintiff failed to present proof that the "original" plaintiff had physical possession of the original note and mortgage before the complaint was filed. Defendant also contends plaintiff failed to provide a certification from its attorney stating that it had the original note with an endorsement to plaintiff.

Defendant's arguments are without merit. As we have explained, in his certification, Bishop set forth sufficient facts to show that plaintiff possessed the note and had a valid assignment before the complaint was filed. Bishop's certification included the copies of the relevant documents and other records made in the ordinary course of business, which were admissible under N.J.R.E. 803(c)(6). Moreover, our court rules permit an employee of a loan servicer to authenticate the servicer's business records in a foreclosure action. R. 4:64-2(c). Bishop's certification met the requirements of the rule.

A-2092-18T2

Defendant's remaining arguments lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2092-18T2